**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEIKE CHENG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70866

Agency No. A088-294-516

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Weike Cheng, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").   Our jurisdiction is

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review in part and dismiss in part.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record as to Cheng's baptism, when he started attending a house church in China, and when he decided to leave China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Cheng's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Cheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Cheng fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996) (issues not supported by argument are deemed waived).

We reject Cheng's contention that the BIA failed to analyze his claim properly.

Finally, we lack jurisdiction to review arguments in the opening brief related to due process or Cheng's fear of persecution in the future because they are unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**